Marcus E. Cooke, Appellant, v. Seth A. Rhodes, Appellee.

### Gen. No. 15,024.

VERDICTS—*when set aside as against the evidence.* A verdict which is not supported by the evidence will be set aside on review.

Replevin. Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed June 28, 1910.

M. L. THACKABERRY, for appellant.

BOWERSOCK & STILWELL, for appellee.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

This is an appeal by the plaintiff to procure the reversal of a judgment rendered in a replevin suit that the defendant, Seth A. Rhodes, recover from the plaintiff the return of an automobile which had been replevied. The defendant Banker was not summoned and did not enter an appear-

ance. It appears that the defendant A. C. Banker was a dealer in automobiles in Chicago beginning in January 1906 and continuing until January 1907.

The evidence is so scant and unsatisfactory in this record that we see no certainty in respect to any of the vital issues in the case. It appears that on various occasions the parties came together and engaged in conversations the details of which are of importance in their bearings upon the issues yet what was said by the respective parties is not brought out. As we are obliged to reverse and remand the cause for a new trial, we shall refer to the facts, as we understand them, only so far as is necessary to make the ground of our reversal clear.

It appears that some time in January 1906 defendant Banker sold the automobile in question, while in an unfinished condition, to plaintiff Cooke for $625. The details and circumstances of that sale do not seem to have concerned the attorneys on either side very much. Cooke did not take the automobile away from defendant Banker's place, but he says it was moved from the lower floor to the upper floor "where the storage is," whatever that may mean. Cooke next called and asked Banker for his machine in the latter part of February or the first of March. He then found that Banker did not have the machine. Upon being asked for it, Banker informed Cooke that he, Banker, had put it up as collateral.

It further appears that defendant Rhodes first saw the machine a couple of times but under what circumstances does not appear, except that the machine was not completely finished. Rhodes testified that the third time he saw it, which he thinks was on March 1, 1906, Banker first called him up by telephone and requested Rhodes to come and see him, Banker, on business. Apparently Rhodes did not go to see Banker, for Rhodes testified that Banker then came to see him and wanted to sell him the automobile but, as Rhodes says, he did not want the automobile because he wanted a two seated one and this had but one seat. Banker, however, Rhodes says, came again the next day and said he must have

money to pay his rent which was due on the third of March, and Rhodes then told Banker he would come and see him on March third. On the third day of March Rhodes further testified, he went down to Banker's and bought the machine.

It appears that on March third Rhodes gave Banker a check for $300, took away the automobile and had it painted at an expense of $40.

On the day he gave Banker the check for $300 he also gave him a paper as follows:

"Chicago, March 3, 1906.

A. C. Banker Co., City.

Gentlemen: The 4 cyl. runabout that I bought of you to-day and took possession of I desire to dispose of, and give you an option on the same for sixty days from date—you to pay me $350 cash and the cost of painting the same.

Respectfully yours,

S. A. Rhodes."

Banker testified that the transaction between him and Rhodes was a loan and not a sale. The court excluded from the jury (the suit was tried by jury) this writing by Rhodes when offered by plaintiff. This was error. Banker was the common source of title of plaintiff and Rhodes and plaintiff had the right to show, if he could, by means of this writing and other evidence, that the true nature of the transaction between Banker and Rhodes was a loan and that the automobile was left with Rhodes as security therefor.

Some checks by Banker, one for $350 and one for $40 dated May 3, 1906, were offered in evidence. They were certified and supposedly made for the purpose of paying Rhodes, but, so far as the evidence in this record discloses, were never brought to his notice.

On November 19, 1906, the automobile was taken from Rhodes by means of the replevin writ issued in this suit. The evidence showed that it was subsequently sold for $550. The value of the automobile would have a bearing upon the question whether the transaction between Banker and Rhodes was a loan or an absolute sale of the machine.

As stated, we are compelled to reverse the judgment ren-

dered, but will suggest that if, upon another trial, it should appear that the Banker-Rhodes transaction was a loan, a suggestion for a form of judgment will be found in MacLachlan v. Pease, 171 Ill. 527.

The instructions given are not free from error.

*Reversed and remanded.*