## WHIPLEY v. FLOWER.

An allegation in a complaint that the parties kept a saloon for the purpose of gaming and selling liquors and cigars, does not raise the presumption that the gaming was necessarily unlawful, or that the saloon was a common gaming-house, as the word might apply to lawful games, such as billiards, etc.

And where the defendant, in an action on such a complaint to recover an amount due plaintiff as partner in the saloon, made default, he cannot raise the objection that the complaint sets out an unlawful occupation as his cause of action, as, if the alleged gaming was in fact unlawful, he should have established it in his defence.

Where there are two presumptions equally reasonable arising upon the face of the record, this Court is bound to adopt that which will maintain the judgment of the Court below.

APPEAL from the District Court of the Sixth Judicial District.

The plaintiff brought his action against the defendant as administrator of the estate of J. Beckett, deceased, to recover an amount alleged to be due by Beckett to plaintiff, as partners in the "Diana Saloon," which the complaint alleges to have been kept by them for the purposes of gaming, and selling liquors, cigars, etc.

The defendant failing to answer, judgment by default was entered against him, from which he appealed.

*Janes, Doyle, Barber & Boyd* for Appellant.

The appellant contends, in the first place, that the contract of partnership, set out in the complaint, was absolutely void.

" The essence of the association is, that they (the partners) may be jointly concerned in profit and loss, or in profit only, in some honest and lawful business, not immoral in itself nor prohibited by the law of the land; and this is a principle of universal reception. 3 Kent, marginal page 28; Story on Partnership, § 6; Collyer on Partnership, § 50.

Whipley and Beckett became partners in the ownership of a common

gaming-house, called the " Diana Saloon," and in the management of the business the latter became indebted to the former on matters connected with and growing out of the immoral association.    It is unnecessary to look beyond the adjudications of this Court to prove that this contract is immoral and illegal in its character, and of such a nature that no Court will lend its aid to enforce it.    Bryant v. Mead, 1 Cal. R., 442.

The Supreme Court hold that gaming is not legalized by the statutes of California, but is merely protected against criminal prosecution.    In the case of Crane v. Brannan, 3 Cal., 328, the case of Bryant v. Mead is cited with approbation.

If the declaration is substantially defective, it is not cured by verdict. 4 Pickering, 34.

No judgment can be rendered on a declaration that is substantially defective.    Carlisle v. Weston, 1 Metcalf, 26 ; Griffin v. Pratt, 3 Connecticut, 515 and 516 ; Phelps v. Baldwin, 17 Conn., 212.

Any objection to the declaration made after judgment by default, will be considered precisely in the same manner as if it had arisen upon general demurrer ; and that if the defect be matter of form it will be aided, but if matter of substance it will be fatal.    1 Chitty Plead., p. 673a, [674].

*Long & Judah* for Respondent.

1. Upon the authority of Crane v. Brannan, 3 Cal. Rep., 195, and other more recent decisions of this Court, this Court will presume that the Judge of the Court below informed himself as to the matter of the complaint in a proper and regular manner, and that every presumption is in favor of the judgment, and its being regularly obtained.

2. We contend that even if the word gaming is to be used in the sense adopted by the appellant's counsel that a demurrer should have been interposed, and it is too late now to raise the objection.    The complaint certainly contains a cause of action, but if it is one which Courts will not enforce, the defendant should avail himself of that privilege which the law affords him of defending himself against what he may consider an unlawful claim.    The only ground, therefore, which the appellant can stand on in this Court, is that the complaint does not state facts sufficient to constitute a cause of action.    But as to the pleading, see 2 Saunders Pl. and Ev., p. 199 ; Potts v. Sparrow, 1 Bing., N. C., 596 ; 1 Sco., 578 ; 1 B. A., 463.

We, however, contend that there are two kinds of gaming—lawful and unlawful ; and that this Court will presume in favor of this gaming being lawful.    The business of a saloon, for the purposes of gaming, selling liquors, cigars, etc., negatives the idea that anything was intended but lawful gaming, such as is usually to be found in a saloon of the nature indicated, to wit: the game of billiards, ten-pins, and a variety of other harmless and lawful games.

On principle and authority, then, the judgment should not be disturbed.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

An allegation that the plaintiff and the deceased entered into a co-partnership for the purpose of carrying on and conducting, in the city of Sacramento, a saloon known as the Diana Saloon, for the purpose of gaming and selling liquors and cigars, etc., does not raise the presumption that said gaming was necessarily unlawful, or that said saloon was a common gaming-house. It might very well have been one of those saloons licensed by the laws of the State for playing billiards, ten-pins, and other games, not in themselves unlawful, and not prohibited by the statute.

We cannot presume from the word gaming, that the saloon was rented and kept as a common gambling-house, where large sums of money were won and lost at play. If such was the fact, it should have been established on the trial below; but as the defendant neglected to file his answer, and suffered a default and final judgment, the plaintiff has now the advantage at law, and his rights obtained through defendant's laches ought not to be disturbed.

Where there are two presumptions, both equally reasonable, arising upon the face of the record, this Court is bound to adopt that which will maintain the judgment of the Court below.

Judgment affirmed.