[Civ. No. 4793. First Appellate District, Division Two.—July 11, 1924.]

BARRIOS & CO., INC. (a Corporation), Respondent, v. G. V. PETTIGREW CO., INC. (a Corporation), Appellant.

[1] SALES—RESALE OF GOODS TO SELLER—ACTION TO RECOVER DIFFERENCE IN PRICE—DELIVERY—INTENTION—EVIDENCE.—In this action to recover the difference between the purchase price of certain goods purchased by plaintiff from defendant and the price at which plaintiff resold said goods to defendant, there is no evidence in the record showing that when the contract of purchase of said goods by plaintiff was executed it was the intention of both parties that no delivery would be asked for or made; nor is there

---

1. See 6 R. C. L. 782.

evidence showing that such was the intention of the parties at a subsequent date when the parties executed a more formal instrument for the resale of the goods.

[2] ID.—CONTRACTS—INTENTION TO GAMBLE—NECESSITY FOR MUTUALITY.—The intention of one party does not make a contract, and in order to make a contract for the sale of goods and the resale of the same to the seller illegal the intention to gamble must be mutual.

[3] ID. — ILLEGALITY OF TRANSACTION — PLEADING — PROOF.—In such action, the burden of pleading and proving the illegality of the transaction consisting of the sale of certain goods to plaintiff by defendant and the resale of the same to defendant by plaintiff rested with the defendant.

[4] ID.—JUDGMENT — PRESUMPTIONS.—In such action, every presumption is in favor of the judgment in favor of plaintiff, and it is to be presumed that both parties are innocent of crime or wrong, and that all private transactions have been fair and regular.

[5] ID.—LEGALITY OF TRANSACTION — FINDING—APPEAL.—In such action, the record is not so clear as to show any abuse of power on the part of the trial court in finding the transaction between plaintiff and defendant to be legal.

[6] ID. — ACCOUNT STATED — FINDING — IMMATERIALITY OF. — In such action, a finding by the trial court in favor of the plaintiff on the issue of a stated account, which constitutes one of the counts in plaintiff's complaint, is not necessarily important because the trial court found against defendant on another count wherein plaintiff alleges that within two years last past, at a certain place, defendant became indebted to plaintiff in a stated sum, which is the difference between the purchase price of certain goods purchased by plaintiff from defendant and the resale price of said goods from plaintiff to defendant.

[7] ID. — DAMAGES. — In such action, in estimating the damages, the trial court was correct in not following sections 3308, 3311, 3353, and 3354 of the Civil Code.

[8] ID. — CONTRACTS — EVIDENCE — ABSENCE OF PREJUDICE.—In such action, the defendant could not in any manner have been prejudiced by the admission in evidence of a contract, claimed by defendant to have been superseded by a later contract, where both contained every element to constitute a contract, the only differ-

2.   See 6 Cal. Jur. 41, 43, 157; 6 R. C. L. 599, 783.

3.   See 6 Cal. Jur. 162; 6 R. C. L. 816.

4.   See 2 Cal. Jur. 852; 10 Cal. Jur. 762; 12 Cal. Jur. 816; 15 R. C. L. 875; 10 R. C. L. 875, 879.

8.   See 2 Cal. Jur. 1020; 2 R. C. L. 250.

ence between the two being that the earlier one contained a statement serving to identify the goods, to which feature no objection was contained in the objection interposed to the earlier contract when it was offered in evidence.

---

(1) 27 C. J., p. 1103, sec. 358.   (2) 27 C. J., p. 1058, sec. 271. (3) 27 C. J., p. 1009, secs. 351, 353, p. 1100, sec. 354.   (4) 4 C. J., p. 731, sec. 2662; 22 C. J., p. 144, sec. 75; 27 C. J., p. 1099, sec. 353.   (5) 4 C. J., p. 881, sec. 2853.   (6) 4 C. J., p. 1056, sec. 3040. (8) 4 C. J., p. 969, sec. 2952.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John J. Van Nostrand, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Glensor, Clewe & Van Dine for Appellant.

Goldman & Altman for Respondent.

STURTEVANT, J.—The plaintiff sued for and recovered a judgment for $1,483.41 alleged to be owing on a sales contract.   The defendant has appealed from the judgment and has brought up the judgment-roll and a bill of exceptions.

The plaintiff pleaded its cause of action in three counts. In the first count it pleaded that within two years last past, at the city and county of San Francisco, state of California, defendant above named became and now is indebted to plaintiff above named in the sum of $1,433.25, being the difference between the purchase price of five cars of Sacramento Valley prunes purchased by plaintiff from defendant and the resale price of said prunes from plaintiff to defendant. The second count was based on an open book account, but at the close of the plaintiff's case that count was dismissed. The third count pleaded an account stated.   The defendant interposed an answer which contains specific denials, but does not plead any new matter.   The trial court made findings in favor of the plaintiff in which it found on the first count and on the third count in favor of the plaintiff.

The bill of exceptions contains three memorandum contracts.   By the first one, which is dated February 1, 1922, the plaintiff bought of the defendant five carloads Sacramento Valley prunes, crop of 1922, 60,000 pounds to the

car, sizes ranging 40/50 to 70/80 at 6¾ cents bulk basis, time of shipment September, October 15, 1922. The second contract was dated August 16, 1922, and is in form slightly less formal than the first instrument. It purports to be a sale by the defendant to the plaintiff of the same quantity of the same article at 7¼ cents per pound. That paper contains this additional matter: "This is a resale of G. V. Pettigrew Co. Inc. regular dried fruit contract dated February 1, 1922." On August 18, 1922, the parties executed another instrument which both parties conceded to be a more formal statement of the transaction dated August 16, 1922.

On the trial of the case the plaintiff called as a witness Alberto Barrios, vice-president of the plaintiff corporation, and did not call any other witnesses. The defendant did not call any witness. As to what was the intention of the contracting parties at the time that the instrument dated February 1, 1922, was executed, or when either of the subsequent instruments were executed, the record is silent, except that Mr. Barrios testified that he had several conversations with Mr. Pettigrew subsequent to the second contract of August 18, 1922, and in one of those conversations, after Mr. Pettigrew had bought the prunes from him, all the witness wanted was the difference in the price or the profit he made; in other words, it was a wash sale and the witness was only interested in the difference between the two contracts because Pettigrew was supposed to deliver to Barrios and Barrios was supposed to deliver to Pettigrew. The witness further stated that he did not know whether there were any prunes—any actual prunes represented by the contract. He expected prunes if he had sold to a third party. When the witness entered into the contract, August 18, 1922, the whole transaction became a wash sale and the witness was only interested in the difference between the two contracts. That is done every day. On October 2, 1922, the plaintiff presented the defendant a bill, "To wash-out on five cars, 60,000 pounds net each 40/70 Sacramento Valley prunes . . . difference due us $1433.25" The appellant contends that the whole transaction was a "wash-out" sale within the technical meaning of that expression as used by the trade when the trade is referring to a gambling contract. (*Stafford etc. Co.* v. *Rock etc. Co.*, 94 Kan. 360 [146 Pac. 1139].)

In support of its contention in this behalf the appellant cites many authorities to the effect that a recovery cannot be had on a wash-out sale, which is a gambling transaction. The legal proposition, for which the appellant contends, the respondent does not deny, but the respondent contends that the evidence in the record does not show the transaction to have been a gambling transaction. The respondent concedes that some wash-out sales are gambling transactions, but that every wash-out sale is not necessarily a gambling transaction. In this behalf the respondent contends that wash-out sale is a gambling transaction when it is the intention of both parties that no delivery of the subject of the sale is to be made, and the respondent contends that there is no evidence in the record showing that when the contract of February 1, 1922, was executed that it was the intention of both parties that no delivery would be asked for or made. [1] In this contention the respondent is entirely supported by the record. The same remark can be made regarding the evidence of the intention of the parties on August 18, 1922. The utmost that can be said in favor of the appellant's position is that there is possibly slight evidence to the effect that the plaintiff Barrios did not have any intention of demanding and receiving the goods. [2] But the intention of one party does not make a contract. In order to make such a contract illegal the intention to gamble must be mutual. (*In re A. B. Baxter & Co.,* 152 Fed. 137 [81 C. C. A. 355, 11 Ann. Cas. 437, and extended note on page 440].) [3] The burden of pleading and proving the illegality of the transaction rested with the appellant. (*Whipley* v. *Flower,* 6 Cal. 630; *In re A. B. Baxter & Co., supra.*

[4] In the instant case every presumption is in favor of the judgment; furthermore it is presumed that both parties are innocent of crime, or wrong, and that all private transactions have been fair and regular. (Code Civ. Proc., sec. 1963.) The trial court heard the evidence and saw the witness. It found the transaction to be legal and not illegal. [5] The record certainly is not so clear as to show any abuse of power on the part of the trial court in finding the fact against the appellant.

[6] The appellant contends that the trial court should not have found in favor of the plaintiff on the issue of a stated account. The respondent replies that the finding is

not necessarily important because the trial court found against the appellant on the first count. We think the respondent's position is correct. **[7]** The appellant also contends that the trial court should have estimated the damages by following sections 3308, 3311, 3353, and 3354 of the Civil Code. A most cursory reading of those sections shows that they are not applicable to the facts above stated.

**[8]** Complaint is also made that the trial court erred in receiving in evidence the contract dated August 16, 1922. The point in that connection seems to be that said paper was superseded by the paper dated August 18th. To this objection there are several answers. The contract dated August 16th, as stated above, is very slightly less formal than the contract dated August 18, 1922. The appellant refers to the first as a sales memo, whereas it could have referred to either of them as a sales memo with equal propriety. Moreover, each paper seems to contain every element to constitute a contract. The paper dated August 16th had on its face, "This is a resale of C. V. Pettigrew Inc., regular dried fruit contract dated February 1, 1922." That statement was not a necessary part of the contract and merely served to identify the goods. No objection to that feature was contained in the objection interposed to the paper when it was offered in evidence. Except as we have recited, the provisions of the paper dated August 18, 1922, do not differ from the provisions of the paper dated August 16, 1922, and therefore the appellant could not in any manner have been prejudiced by the ruling of the trial court admitting in evidence the paper dated August 16, 1922.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.