DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[S. F. No. 211.   Department One.—March 23, 1896.]

NATHANIEL J. BRITTAN, Appellant, v. OAKLAND BANK OF SAVINGS, Respondent.

112  1<br>124  285

PLEADING—OBJECTIONS TO COMPLAINT—WAIVER BY AMENDMENT.—The filing of an amended complaint supersedes any previous complaint, and is a waiver of any error in sustaining a demurrer to a previous complaint, or in striking out a portion of a previous complaint as being irrelevant and redundant.

ID.—DEMURRER TO SPECIAL DEFENSE—APPEAL FROM JUDGMENT—PRESUMPTION.—Where an appellant, appealing from the judgment upon the judgment-roll alone, without setting forth the evidence, seeks to reverse the judgment for error in overruling a demurrer to a special defense set forth in the answer, it will be presumed in favor of the judgment that it did not depend upon that defense, and that no evidence was introduced in support of it; and it devolves upon the appellant to make the contrary appear upon the record.

APPEAL from a judgment of the Superior Court of the County of Alameda.   W. E. GREENE, Judge.

The facts are stated in the opinion of the court.

*James L. Crittenden*, for Appellant.

*Dunne & McPike*, for Respondent.

HARRISON, J.—After a demurrer to the original complaint had been sustained by the court the plaintiff filed an amended complaint.   Upon the motion of the

defendant the court struck out certain portions of this amended complaint on the ground that they were irrelevant and redundant. Thereafter the plaintiff filed a second amended complaint, to which the defendant answered, and subsequently, having obtained an order substituting the appellant for the original plaintiff in the action, filed a third amended and supplemental complaint, to which the defendant filed its answer, denying many of the allegations in the complaint. Subsequently, the defendant filed certain amendments to its answer, and set up a separate and special defense. The plaintiff demurred to this special defense, and his demurrer having been overruled, the cause was tried by a jury who rendered a verdict in favor of the defendant. From the judgment entered thereon the present appeal is taken upon the judgment-roll alone. It contains a bill of exceptions relative to the order striking out certain portions of the first amended complaint, but there is no bill of exceptions relating to the trial, or showing the evidence upon which the verdict was rendered. The appellant in his brief seeks a review by this court of the order sustaining the demurrer to the original complaint, the order striking out certain portions of the first amended complaint, and the order overruling his demurrer to the special defense in the answer.

1. The amended complaint which was filed after the demurrer to the original complaint had been sustained superseded the original complaint, and the error, if any, committed in sustaining the demurrer was thereby waived. (*Gale* v. *Tuolumne Water Co.*, 14 Cal. 25; *Ganceart* v. *Henry*, 98 Cal. 281.) For the same reason the subsequent filing of another amended complaint, upon which the cause was tried, whereby the cause of action was substantially varied, waived any error committed in striking out portions of the complaint which was thus amended. The grounds upon which these portions were struck out of the complaint was that they were irrelevant and redundant, and the appellant has not pointed any respect in which they are relevant to his

cause of action. The third amended complaint, upon which the cause was tried, was in favor of the substituted plaintiff, and, as it was against respondent alone, operated as a discontinuance of the action against the other defendants. Many of the averments that had been struck out had relation to only those defendants who had thus ceased to be parties to the action, and other portions were in fact included in this third amended complaint. If the plaintiff had desired to have the correctness of this order reviewed, he should have included those averments in the complaint upon which the action was tried, so that their relevancy to the cause of action, which he finally presented for trial, might be determined.

2. The appellant asks a reversal of the judgment upon the ground that the court erred in overruling his demurrer to the special defense alleged in the answer. It does not appear, however, that the judgment in any respect depends upon this defense, or that the defendants offered any evidence at the trial in support thereof. Upon an appeal from a judgment only such errors can be reviewed as have conduced to the judgment. It is incumbent upon the appellant to show that the judgment appealed from has resulted from some error committed by the trial court, and, as every presumption is in favor of the correctness of the judgment, the burden is upon the appellant to make the error apparent. In an action tried by a jury a judgment rendered in accordance with its verdict will be sustained, unless it is made to appear that the verdict was the result of some error at the trial, or that the cause was submitted to the jury for trial by reason of some error of the court. When an appeal is heard upon the judgment-roll alone, containing a verdict for the defendant, and in which there is no bill of exceptions, we will assume, if necessary to sustain the judgment, that the plaintiff failed to introduce any evidence in support of his cause of action. In the present case all the material allegations of the complaint were denied in the answer, and it is consist-

ent with the judgment to assume that at the trial the defendant withdrew its special defense from consideration by the jury. There is no presumption that any evidence was offered by the defendant in support of this defense. " Where there are two presumptions, both equally reasonable, arising upon the face of the record, this court is bound to adopt that which will maintain the judgment of the court below." ( *Whipley* v. *Flower*, 6 Cal. 630.)

It was suggested at the argument that, unless the action of the court in overruling the demurrer can be reviewed upon an appeal from the judgment, there is no opportunity to review it. If, however, the judgment does not depend upon the defense to which the demurrer interposed, the sufficiency of such defense becomes a mere moot question, which it would not be proper for us to determine; and, if it does depend upon such defense, that fact must be made to appear upon the record.

The judgment is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.