## William MacLachlan

*v.*

## James Pease.

*Opinion filed February 14, 1898.*

1. Waiver—*failure to stand by replication waives error in sustaining demurrer thereto.* One who fails to stand by his replication after the sustaining of a demurrer thereto, but files another replication upon which issue is formed, the cause being submitted for trial, waives his right to assign the sustaining of the demurrer as error.

2. Replevin—*when alternative judgment is in conformity to statute.* Where, in replevin, the court finds the right of possession of the property to be in the defendant, who claims to hold it under an execution for the payment of money, a judgment in the alternative, as authorized by section 22 of the Replevin act, (Rev. Stat. 1874, p. 853,) is in substantial conformity to the statute, though it does not recite that the property is so held by the defendant.

3. Practice—*filing amended declaration against one defendant is a dismissal of the action against others.* Filing an amended declaration against one defendant only, is equivalent to a dismissal of the action against the other parties who were made his co-defendants in the original declaration.

*MacLachlan v. Pease*, 66 Ill. App. 634, affirmed.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

Edward T. Cahill, for plaintiff in error.

Chytraus & Deneen, for defendant in error.

Mr. Justice Craig delivered the opinion of the court:

This was an action of replevin, brought by William MacLachlan on the 9th day of April, 1895, in the circuit court of Cook county, against James Pease and Axel Chytraus, to recover certain goods and chattels described in the affidavit. A declaration containing two counts was filed on the 25th day of the same month, against both defendants. To the declaration the defendants filed five

pleas, in which the taking and detention of the goods, as alleged, are denied. It was also set up in the pleas that the property in question belonged to William H. Roche, and that plaintiff did not own the property. Plea No. 3 was as follows: "And for a further plea they say that the defendant Axel Chytraus, before the said time when, etc., to-wit, on March 23, 1895, recovered a judgment against William H. Roche, impleaded with Charles E. Boyles, for the sum of $1575 and costs; that thereupon said Chytraus sued out of the Superior Court a certain writ of *fieri facias*, directed to the sheriff, by which said writ said sheriff was commanded that out of the goods and chattels of the said Charles E. Boyles and William H. Roche he should cause to be made the sum of $1575 and costs of suit; that said James Pease, as sheriff, afterwards, and before the return day of said writ, there took the goods and chattels in said declaration mentioned and detained the same in execution of the said writ, which are the same taking and detention in the said declaration above supposed. And the defendants further say, that said goods and chattels were the property of the said William H. Roche, and not the plaintiff, and that the same were subject to execution, as aforesaid."

So far as appears no replication was filed to the pleas, but on October 23, 1895, leave was granted plaintiff to file an amended declaration. Under the leave granted, plaintiff filed an amended declaration against James Pease only. To the amended declaration the defendant, James Pease, filed ten pleas: First, that he did not take the goods in manner and form as complained; second, that he did not wrongfully detain the same; third, property in Roche; fourth, property in Boyles; fifth, property in Roche and Boyles; sixth, property in defendant; seventh, that he was sheriff, and as such he held an execution against Roche and Boyles, and had levied upon the property, and that it belonged to them or one of them; eighth, that as sheriff, under such execution, he had levied upon

the property which was in the possession and apparent ownership of Boyles, who exercised acts of dominion and ownership over it, and claimed to be the owner thereof, with the full knowledge and consent of the plaintiff, and that said property was subject to such execution; ninth, that as such sheriff he had so levied upon the property while in the possession and apparent ownership of Roche, who was exercising acts of dominion and ownership, and claimed to be the owner thereof, with the full knowledge and consent of the plaintiff, and that said property was subject to such execution; and tenth, a plea similar to the last, setting up the same facts as to said Roche and Boyles jointly.

To these pleas by Pease, as sheriff, plaintiff filed his replication, to which Pease demurred, and by agreement the demurrer was sustained as to the replication to the seventh plea and leave given to amend the replication, which was done by plaintiff filing another replication to the seventh plea. In this replication, among other things, the plaintiff attacks the judgment rendered in *Chytraus* v. *Roche and Boyles*, upon which the execution issued under which the defendant, Pease, took the property. To the amended replication the defendant demurred, and the court sustained the demurrer.

The decision of the court in sustaining the demurrer to the amended replication is the first error relied upon to reverse the judgment. Upon looking into the record it appears that plaintiff did not stand by his replication, but on July 24, 1896, he filed another replication, upon which an issue was formed and the cause was submitted to the court for trial. This replication is omitted from the abstract but will be found in the record. It is a well settled rule, that, after a demurrer is overruled, if the party interposing the demurrer pleads to the merits he thereby waives the objection raised by the demurrer, and cannot assign the ruling of the court for error. *Foltz* v. *Hardin*, 139 Ill. 405.

It is next claimed that the judgment entered by the court is erroneous. Section 22 of the Replevin act provides: "If the plaintiff in an action of replevin fails to prosecute his suit with effect,  *  *  *  or if the right of property is adjudged against him, judgment shall be given for a return of the property and damages for the use thereof;  *  *  *  or if the property was held for the payment of any money, the judgment may be in the alternative that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property."

The record shows that the court found the issues for the defendant and that the right to the possession of the property was in the defendant, and the court assessed his damages for detention thereof at the sum of one cent. After overruling a motion for new trial the court entered the following order or judgment in the case: "Therefore it is considered by the court, that unless payment is made as hereinafter provided, the defendant do have and recover of and from the plaintiff the property in question and his said damages of one cent, in form as aforesaid by the court assessed, together with his costs and charges in his behalf expended, and have execution therefor. It is further ordered, that unless the plaintiff, within ten days of the entry hereof, pay or cause to be paid to the clerk of this court, for the use of the defendant herein, the amount of $1588, with interest thereon at the rate of five per cent per annum from the 23d day of March, A. D. 1895, until the day of payment, a writ of *retorno habendo* do issue herein for the return of the property replevied herein by virtue of the writ of replevin issued in said cause." We think this judgment conformed substantially to the requirements of the statute. The court found the right to the possession of the property in the defendant, and as the defendant claimed to hold the property under an execution for the payment of a certain sum of money, judgment was entered in the alternative. If, within the

time specified, plaintiff paid the costs (one cent damage) and the execution under which the defendant took and held the property, that would satisfy the judgment; if, on the other hand, he failed, then a writ of *retorno habendo* was awarded.

It is also claimed that the court erred in not disposing of the case as to the defendant Axel Chytraus. It is true that the action was originally brought against two defendants,—Pease and Chytraus; but by leave of the court plaintiff was allowed to amend his declaration, and this was done by filing an amended declaration against Pease alone. That was, as held in *Black* v. *Womer*, 100 Ill. 328, equivalent to a dismissal of the action as to the other defendant.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*