[Civ. No. 4950. First Appellate District, Division Two.—October 15, 1924.]

CHRISTIAN SCHLAKE, Jr., Respondent, v. EMMETT W. MacCONNELL, Defendant; CONSOLIDATED CON- CESSIONS COMPANY (a Defunct Corporation), et al., Appellants.

[1] PLEADING — AMENDED COMPLAINT—ANSWER TO ORIGINAL — ISSUES. After the original complaint by which an action is commenced is supplemented and superseded by an amended complaint, the origi- nal complaint no longer serves any purpose in the action, and any attempt to answer or join issue under the original complaint is a useless act and can be followed by no legal consequences.

[2] ID. — OMISSION OF DEFENDANT — DISMISSAL. — The filing of an amended complaint, omitting a defendant named in the original complaint, operates as a dismissal of the action as to said de- fendant.

[3] ID.—DENIAL OF LEAVE TO INTERVENE—FAILURE TO APPEAL—UN- AUTHORIZED CROSS-COMPLAINT.—Where an amended complaint is filed, omitting a defendant named in the original complaint but upon whom service of summons was not made, and said defendant fails to appeal from the order of the trial court denying its re- quest for leave to intervene (which was its only remedy at the time), but decides to ignore the same, as well as the amended complaint, and files an answer and cross-complaint to the original complaint, such cross-complaint can have no standing as a com- plaint in intervention, and is properly stricken from the files when called to the attention of the court.

[4] ID.—FILING OF UNAUTHORIZED CROSS-COMPLAINT—ANSWER UNNECES- SARY—VACATION OF DEFAULT.—In such case, the cross-complaint has no standing before the court and no rights can be acquired by the filing of the same, and plaintiff is not required to answer thereto, and where his default has been entered for failure to answer such pleading, such default is properly set aside.

(1) 31 Cyc., pp. 465, 466.   (2) 18 C. J., p. 1166, sec. 50.   (3) 18 C. J., p. 1171, sec. 59 (Anno.).   (4) 18 C. J., p. 1171, sec. 59 (Anno.).

APPEAL from orders of the Superior Court of Alameda County setting aside the default of plaintiff to a cross-com-

1.  See 21 Cal. Jur. 212.
3.  See 21 Cal. Jur. 91.

plaint and striking said cross-complaint from the files. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hugo D. Newhouse and Russell P. Tyler for Appellants.

Wm. F. Cowan and Fry & Wood for Respondent.

LANGDON, P. J.—The Consolidated Concessions Company, a defunct corporation, and its trustees, have appealed from two orders of the trial court, one of which set aside the default of plaintiff to a so-called cross-complaint filed by said appellants and the other order struck from the files the said cross-complaint. The respondent has moved to dismiss this appeal upon the ground that the appellants have no standing in the action, as it was dismissed as to them prior to the filing of the purported answer and cross-complaint and their petition to intervene in said action was denied by the trial court, which order has become final.

In August, 1915, the plaintiff commenced an action against Emmett MacConnell and Consolidated Concessions Company for rescission of a contract made by him for the purchase of certain stock of said company, and the cancellation of deeds to certain real property, which property he had transferred to MacConnell as the purchase price of said stock. The Consolidated Concessions Company was not served with summons. MacConnell was regularly served with summons and failing to answer in time, his default was entered. On February 8, 1917, a default judgment was rendered against MacConnell and the judgment recited: "It is further ordered, adjudged and decreed that the said action be and the same is hereby dismissed as to the defendant Consolidated Concessions Company."

Subsequently, on June 11, 1917, it was duly and regularly ordered that the judgment against MacConnell be set aside and he was granted thirty days within which to plead. In the meantime there was a motion for a change of venue made by MacConnell and the action was transferred from the county of Sonoma to the county of Alameda. On January 17, 1920, the plaintiff filed his amended complaint. This amended complaint did not make the Consolidated Conces-

sions Company a defendant. A trial was had, resulting in a decision for plaintiff against MacConnell. On February 23, 1923, a hearing being had upon the settlement of findings to be made in said action, the attorney for MacConnell requested the court to permit the trustees of the Consolidated Concessions Company, which had forfeited its charter by reason of its failure to pay the state license tax, to intervene in the action, which request was denied.

[1] The attorneys representing said trustees, however, ignored this court order and the amended complaint, and filed with the clerk an answer and cross-complaint to the original complaint which had commenced the action in August, 1915, and which had been supplemented and superseded by the amended complaint. Said original complaint no longer served any purpose in the action (*Barber* v. *Reynolds*, 33 Cal. 497; *Osment* v. *McElrath*, 68 Cal. 466, 470 [58 Am. Rep. 17, 9 Pac. 731]; *Pfister* v. *Wade*, 69 Cal. 133, 138 [10 Pac. 369]; *Schneider* v. *Brown*, 85 Cal. 205, 206 [24 Pac. 715]; *Collins* v. *Scott*, 100 Cal. 446 [34 Pac. 1085]; *Whitehead* v. *Sweet*, 126 Cal. 67 [58 Pac. 376), and it follows that any attempt to answer or join issue under the original complaint was a useless act and could be followed by no legal consequences. It is to be remembered that no issue between the plaintiff and the Consolidated Concessions Company or its trustees had been joined at the time the amended complaint was filed. [2] The filing of an amended complaint, omitting a defendant named in the original complaint, operates as a dismissal of the action as to such defendant. (18 C. J. 1166; *MacLachlan* v. *Peace*, 171 Ill. 527 [49 N. E. 714]; *San Antonio & A. P. Ry. Co.* v. *Mohl* (Tex. Civ. App.), 37 S. W. 22.)

[3] Upon the foregoing authorities it is apparent that at the time defendant attempted to file its purported answer and cross-complaint it was not a party to the action and had no right to file the same. It recognized this situation and requested leave to intervene, which was denied. It did not appeal from that order, which was its only remedy at the time, but decided to ignore the same, as well as the amended complaint, and filed an answer and cross-complaint to the original complaint which had become *functus officio.* The only way this so-called cross-complaint could have any standing would be to treat the same as a complaint in inter-

69 Cal. App.—14

vention, and as permission to file such a document had been refused to appellant, the same was properly stricken from the files when called to the attention of the court.

[4] The foregoing facts also sustain the other order of the court setting aside the default against plaintiff upon the cross-complaint. Since such pleading had no standing before the court and no rights could be acquired by the filing of the same, plaintiff was not required to answer thereto, and for failure to answer default should not have been entered against him.

The facts were all before the trial court and it took the necessary and proper steps to effectuate its orders.

We think we might well grant the respondent's motion to dismiss the appeal for the reason that the appellants were not parties to the action at the time the orders appealed from were made and, therefore, have no right to appeal from the same and said orders were effective merely to clear the record from the confusion caused by appellants' unwarranted intrusion into the case. However, the same purpose will be served by affirming the orders. The motion to dismiss the appeal is denied and the orders appealed from are affirmed.

Nourse, J., and Sturtevant, J., concurred.

'A' petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 11, 1924.

All the Justices concurred, except Seawell, J., who deemed himself disqualified and did not participate.