[Civ. No. 3892. Third Appellate District.—November 2, 1929.]

J. H. BUTCHART, Respondent, v. PAUL G. MOORHEAD et al., Defendants; TITLE INSURANCE & TRUST CO. et al., Appellants.

Rufus L. Horton, Horton, Anderson, Horton & Armstrong, Joseph K. Horton, M. M. Armstrong and C. S. Anderson for Appellants.

Bernard Potter for Respondent.

THOMPSON (R. L.), J.—This is an appeal on the part of certain defendants from a decree foreclosing a mortgage. In filing an amended complaint the names of Paul G. Moorhead and wife were eliminated and they were abandoned as defendants. They, however, voluntarily appeared and answered without securing permission of the court. On motion duly made their answer was stricken from the record and the action dismissed as to them. From this order they failed to appeal. No deficiency judgment was sought or secured. They were not necessary parties, having disposed of their interest in the property. The appeal was therefore ineffectual as to these defendants.

The plaintiff as assignee of a note and mortgage instituted this action of foreclosure against Paul G. Moorhead and wife, who were the makers of the note and mortgage.

Many others were also made party defendants. The original makers of the instruments had parted with their interest in the mortgaged property. Separate demurrers in behalf of the respective defendants were filed, presented and sustained. In due time an amended complaint was filed, in which neither Paul G. Moorhead nor his wife was included as a defendant. Their names were purposely omitted therefrom. The amended complaint was not served upon them. No decree against them was sought and no deficiency judgment was asked for or recovered. Nevertheless, the Moorheads voluntarily appeared and without leave to answer or intervene filed a separate demurrer and answer to the amended complaint attempting to set up a special defense charging the mortgagee, Builders Mortgage Company of Los Angeles, with exacting usurious interest and failure to pay to the mortgagors nine thousand five hundred dollars of the principal sum for which the note and mortgage were executed. These defenses were made by none of the other appellants. To this answer the plaintiff demurred and at the same time gave notice of motion to strike it from the records and dismiss the action as to these defendants. On March 15, 1927, this motion was granted. The court then ordered that the "motion to dismiss action as to defendants Moorhead is granted." From this order no appeal was taken. The cause was tried upon the issues presented by the answers of the other defendants, and a decree of foreclosure was rendered in favor of the plaintiff for the principal sum represented by the original loan, no part of which had been paid, together with deferred interest, costs, taxes paid, a street assessment and counsel fees. The findings disregarded the issues tendered by the Moorhead answer which had been stricken from the record. No judgment was rendered against them and no deficiency judgment was awarded. The decree of foreclosure was entered April 19, 1927. [2] The notice of appeal was from "the judgment therein entered in the said Superior Court on the —— day of ————, 1927, and from the whole thereof." This notice of appeal was served and filed May 16, 1927. This appeal does not purport to have been taken from the order and judgment striking the Moorhead answer from the records and dismissing the action as to them. Indeed, the notice of appeal was too late to become effectual for that

purpose. (Sec. 939, Code Civ. Proc.) That order was made in the presence of the attorney for these defendants March 15, 1927, and the only notice of appeal which was given in this case was not served or filed until sixty-one days thereafter. The attempted appeal of the Moorheads was therefore ineffectual for any purpose whatever.

Moreover, Mr. and Mrs. Moorhead were not parties to this action and had no standing as interested litigants either at the trial or upon appeal. The filing of the amended complaint in which the names of these defendants were omitted operated as a dismissal of the action as to them. The decree in this case deprived them of no rights or remedies which they may not assert in a proper action against the proper parties, if there be merit in the special defense which they attempted to plead. They made no application to the court in this case to file an answer or to intervene. It is immaterial that their pleading asked for affirmative relief.

The filing of an amended complaint omitting defendants who were named in the original complaint operates as a dismissal of the action as to the abandoned parties, and in the absence of an order of court authorizing them to answer or intervene, they are without legal standing as litigants or appellants. (*Schlake* v. *MacConnell,* 69 Cal. App. 207 [230 Pac. 974, 975]; *Brittan* v. *Oakland Bank of Savings,* 112 Cal. 1 [44 Pac. 339]; *Spreckels* v. *Spreckels,* 172 Cal. 775 [158 Pac. 537].)

In the case of *Schlake* v. *MacConnell, supra,* it is said: "The filing of an amended complaint, omitting a defendant named in the original complaint, operates as a dismissal of the action as to such defendant. (18 C. J. 1166; *MacLachlan* v. *Pease,* 171 Ill. 527 [49 N. E. 714]; *San Antonio & A. P. Ry. Co.* v. *Mohl,* (Tex. Civ. App.) 37 S. W. 22.) Upon the foregoing authorities it is apparent that at the time defendant attempted to file its purported answer and cross-complaint it was not a party to the action and had no right to file the same. It recognized this situation and requested leave to intervene, which was denied. It did not appeal from that order, which was its only remedy at the time, but decided to ignore the same, as well as the amended complaint, and filed an answer and cross-complaint to the original complaint which had become *functus officio.* The

only way this so-called cross-complaint could have any standing would be to treat the same as a complaint in intervention, and as permission to file such a document had been refused to appellant, the same was properly stricken from the files when called to the attention of the court.''

 Taxes, street assessments, charges for searching title, costs and counsel fees may be allowed under the general prayer for relief in a foreclosure proceeding where the mortgage provides for the reimbursement of such items and is attached to the complaint as an exhibit thereto. (*McKelvey* v. *Wagy*, 157 Cal. 406 [108 Pac. 268].) [5] In the present case the mortgage was incorporated as a part of the complaint and recited that it was given to secure ''the principal and interest . . . all advancement made by the holder of the note for paying liens prior to this mortgage, taxes and assessments including the tax on the money secured hereby, services performed in the care of the premises, premiums paid for insurance on the buildings, and in case of a default and foreclosure, searching of the title therefor, fees for the services of any attorney, expenses and costs of suit. . . . '' Paragraph V of the complaint also recited the default of the mortgagor in the payment of delinquent taxes and street assessments and alleged the sale of the property therefor together with the incurring of costs and counsel fees, and that the same ''now remains due, owing and unpaid.'' The complaint then prayed for judgment for the principal, interest, counsel fees and costs, and ''such other sums that have been or may be expended by plaintiff under the terms and provisions of said mortgage, . . . and that the plaintiff may have such other or further relief in the premises as . . . may seem meet and agreeable to equity.'' Under such pleadings delinquent taxes, street assessments, penalties and costs of redemption, counsel fees and charges for searching title incident to foreclosure proceedings were properly allowed without supplemental pleadings. The allowance of such items is not without the issues under such pleadings. The findings are proper and adequate.

The judgment is affirmed.

Finch, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 2, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 30, 1929.

All the Justices present concurred.