[Civ. No. 30833. Second Dist., Div. Four. Feb. 1, 1968.]

CONTRACT ENGINEERS, INC., Plaintiff and Appellant,
v. CALIFORNIA-DORAN HEAT TREATING CO.,
Defendant and Respondent.

Alfred D. Freis for Plaintiff and Appellant.

Kindel & Anderson and Roger J. Nichols for Defendant and Respondent.

FILES, P. J.—This appeal is from an order of dismissal which followed the sustaining of a demurrer to the third amended complaint. The ground of the decision was that the statute of limitations barred the action as to the demurring defendant. Although the order does not specify the code section, it is assumed that the trial court applied the three-year limitation of Code of Civil Procedure section 338, subdivision 3.

The original complaint was filed March 21, 1962, alleging that, on June 11, 1959, plaintiff's property had been damaged by the breakdown of some machinery allegedly manufactured and furnished by the defendants. The respondent California-Doran Heat Treating Co. (hereinafter California-Doran) was not named as a defendant, but the complaint did join a defendant called by the fictitious name of Doe I Corporation.

Thereafter a first amended complaint was filed, without any change with respect to the identity of Doe I Corporation.

On December 10, 1962, one of the defendants, Utility Trailer Manufacturing Company, Inc., filed a cross-complaint against California-Doran alleging that the latter had negligently manufactured the part of the machine which had failed. Plaintiff, upon becoming aware of this, caused the first amended complaint to be served on California-Doran as Doe I Corporation. On December 24, 1962, an answer to the first amended complaint was filed on behalf of ''California-Doran Heat Treating Co., served herein as Cal-Doran Heat Treating Company and sued as Doe I Corporation, . . .''

California-Doran made a motion for summary judgment, and on January 22, 1964, the court granted the motion as to the first three counts in the first amended complaint, and denied it as to the fourth count.

In June 1964 three defendants named Welborn filed a special demurrer to the first amended complaint, which was sustained.

On November 13, 1964, plaintiff filed a second amended complaint for the purpose of correcting the defects raised by the Welborn demurrer. There was no change in the naming of parties defendant, and no change of substance in the fourth cause of action which was the negligence count. This second amended complaint was served only upon the attorneys for the Welborns.

On April 21, 1965, plaintiff filed a third amended complaint, in which, for the first time, the caption named, as one

of the defendants, ''California-Doran Heat Treating Co., a corporation.'' The caption also listed all of the fictitiously named defendants as in each of the earlier pleadings, including Doe I Corporation.

The body of the third amended complaint accurately identified respondent as ''California-Doran Heat Treating Co., served with the First Amended Complaint as Doe I Corporation.'' The paragraph which referred to defendants sued by fictitious names omitted any reference to Doe I Corporation.

The third amended complaint included a negligence count substantially the same as the negligence count in each of the earlier complaints.

California-Doran then demurred to the third amended complaint upon the ground, among others, that it was barred by the statute of limitations, as set forth in Code of Civil Procedure sections 339, 338 and 337. The theory was that when plaintiff filed its second amended complaint without naming California-Doran by its true name, plaintiff voluntarily discontinued the action as to that defendant, so that the third amended complaint became a new action, filed April 21, 1965, after the statute of limitations had barred any claim upon the June 11, 1959, injury. The trial court sustained the demurrer on this ground.

Plaintiff made a motion for reconsideration, and in support of it filed a declaration of its attorney explaining that he had intended the seconded amended complaint to constitute an amendment only with respect to the matters raised by the Welborn demurrer, and that he had regarded the action as being at issue between the plaintiff and all of the defendants upon the fourth cause of action as it was stated in the first amended complaint and repeated without change in subsequent pleadings.

Reconsideration was denied and the action was dismissed as to California-Doran on July 26, 1965.

It is not contended that plaintiff ever intended to dismiss California-Doran, or that California-Doran was in any way misled or deceived by the filing of the second amended complaint which was never served on it. California-Doran's position is purely technical. It claims that plaintiff committed a procedural error, for which the penalty is loss of the game. California-Doran is mistaken. Even the most precise and technical application of the rules will not support the trial court's rationale.

Preliminarily, it should be noted that there is some basis for the assumption made by plaintiff's attorney that, at all times after California-Doran filed its answer to the first amended complaint on December 24, 1962, the action was at issue, as between plaintiff and California-Doran on the fourth count. (See *Gray* v. *Hall*, 203 Cal. 306, 310 [265 P. 246]; *Smith* v. *Los Angeles Bookbinders Union*, 133 Cal.App.2d 486, 500 [284 P.2d 194].) Under the cited cases, had California-Doran failed to answer the second or third amended complaint, plaintiff could not have taken a default, for the reason that the answer to the first amended complaint was a sufficient statement of its defense.

It is unnecessary to invoke the principle of these cases in order to reverse the order. The theory relied upon by California-Doran is inapplicable for other reasons.

Code of Civil Procedure section 474 provides "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . ."

 Plaintiff availed itself of the privilege conferred by that statute, when it included a defendant sued as "Doe I Corporation." When the identity of California-Doran became known, the summons was served upon it as Doe I Corporation, and said defendant acknowledged the validity of the process by answering.

Plaintiff did fail to act promptly in amending its pleading to show the true name, but delay in accomplishing this is not necessarily fatal. (*Crane* v. *Smith*, 23 Cal.2d 288, 302 [144 P.2d 356]; *Hunt* v. *Plavsa*, 103 Cal.App.2d 222, 227 [229 P.2d 482]; *Simon* v. *City & County of San Francisco*, 79 Cal.App. 2d 590, 599 [180 P.2d 393]; *Blackburn* v. *Bucksport etc. R.R. Co.*, 7 Cal.App. 649 [95 P. 668].)

In *Crane* v. *Smith, supra,* the complaint was never amended to show the true name of the defendant who had been sued by a fictitious name and who had answered. At the end of the plaintiff's evidence, the court granted defendant's motion "for a dismissal of the fictitious defendants." Nevertheless, the trial proceeded to judgment against the defendant who had been sued under a fictitious name and who had answered. The Supreme Court, affirming a judgment in favor of plaintiff, pointed out that obviously there had been no intention to

dismiss the defendant who was appearing, and that failure to amend the complaint to show that defendant's true name was not ground for reversal.

In the case at bench, plaintiff failed to make the amendment to show the true name of California-Doran when the second amended complaint was filed; but that pleading did include Doe I Corporation as a defendant and did allege a cause of action against that defendant, just as the prior pleading had done. Plaintiff's persistence in charging this defendant by a fictitious name cannot be regarded as a dismissal of anyone, nor can it be regarded as an irregularity so serious as to call for a forfeiture of plaintiff's case. The allegation that the true name was unknown, carried forward by rote from the earlier pleading, was no longer true, but no one was misled by it.

The third amended complaint, listing both Doe I Corporation and California-Doran in the caption, was, on its face, ambiguous, but the nature of the error was obvious. The text of the pleading left no doubt of the plaintiff's intention to charge California-Doran. By no process of reasoning could this irregularity be held to call for a forfeiture of the plaintiff's case.

The cases relied upon by California-Doran involve entirely different problems and give no support to the decision in the instant action. In *Lipman* v. *Rice,* 213 Cal.App.2d 474 [28 Cal.Rptr. 800], and a number of other cases, the original complaints failed to allege facts sufficient to come within Code of Civil Procedure section 474. In the case at bench plaintiff did allege in its original complaint that it was ignorant of the true name of the defendant sued as Doe I Corporation, and alleged a cause of action against that defendant for negligence.

*Spreckels* v. *Spreckels,* 172 Cal. 789 [158 P. 543], was an action brought by two persons as executors and three other persons individually. When the second amended complaint was filed, the individual plaintiffs were omitted. Later a demurrer to the second amended complaint was sustained and a judgment was entered against all five plaintiffs for costs. The three individual plaintiffs appealed from the cost judgment, contending that they were not parties when the demurrer was sustained. The judgment against them was affirmed. The opinion of the Supreme Court contains the statement that ''the omission of their names worked a discon-

tinuance of the action, so far as they were personally concerned, which is equivalent to a voluntary dismissal. . . .''

The discontinuance referred to in that case resulted from a voluntary withdrawal by three of the plaintiffs. Nothing in the holding or language of that decision would justify a trial court in proclaiming a discontinuance when a plaintiff filed an amended complaint which carried forward the designation of an appearing defendant under an incorrect but recognizable name.

In *Schlake* v. *MacConnell*, 69 Cal.App. 207 [230 P. 974], the original complaint named an individual and a corporate defendant. A default judgment was entered against the individual, which judgment recited that the action was dismissed as to the corporation. Later the default of the individual was set aside and an amended complaint was filed, omitting the corporation as a party defendant. After the trial on the amended complaint, the corporation filed an answer to the original complaint and a cross-complaint. The trial court ordered those unauthorized pleadings stricken, and, upon the corporation's appeal, that order was affirmed. In the opinion there is the statement ''The filing of an amended complaint, omitting a defendant named in the original complaint, operates as a dismissal of the action as to such defendant.'' What the court had reference to was a voluntary dismissal, at the instance of the plaintiff, not an oversight or a delay in stating the true name of a defendant.

*Butchart* v. *Moorhead*, 101 Cal.App. 659 [282 P. 23], was also a case in which plaintiff deliberately dropped two defendants by an amendment to the complaint. The appeal involves the unsuccessful attempt of these excluded defendants to intervene. The opinion of the appellate court quotes and follows the *Schlake* decision.

*Lamoreux* v. *San Diego etc. Ry. Co.*, 48 Cal.2d 617 [311 P.2d 1], also involves a voluntary dismissal of one defendant. In that case the plaintiff compromised with one defendant and effectuated the dismissal by filing an amended complaint which omitted that defendant. Again, the statement of the rule that omission operated as a dismissal referred to voluntary omission of the party, not failure to state the name correctly.

In *Brittan* v. *Oakland Bank of Savings*, 112 Cal.1 [44 P. 339], plaintiff argued on appeal that the trial court had erro-

neously stricken portions of the first amended complaint. The Supreme Court pointed out that many of the stricken allegations related only to defendants who had been named in the earlier pleading and who were omitted from the third amended complaint upon which the action went to trial. The opinion contains the statement that the third amended complaint, omitting certain defendants, operated as a discontinuance as to those defendants. The court was there speaking of an intentional discontinuance. It does not appear that plaintiff was contesting the validity of his voluntary dismissal of the omitted defendants.

In the case at bench plaintiff never dismissed California-Doran from the action. It follows that the applicability of the statute of limitations must be determined as of the date when the action was commenced, March 21, 1962.

The briefs on appeal have dealt exclusively with the question of when the action was commenced, and not at all with which period of limitation applies. It seems that plaintiff's claim against California-Doran, if any, is probably for negligent injury to personal property governed by the three-year limitation of Code of Civil Procedure section 338, subdivision 3. Upon that hypothesis the action was timely. All counsel apparently assume that if the original filing date controls, the action is not subject to dismissal. This court will therefore make the same assumption for the purpose of this appeal.

It is noted that the third amended complaint purports to state four causes of action upon various theories, and that a different period of limitations may apply to some of them. Nothing contained herein shall preclude the trial court from applying whatever statute of limitations may eventually be found to be applicable to the action as of the date when the original complaint was filed.

The order of dismissal is reversed.

Kingsley, J., and Collins, J. pro tem.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 24, 1968.

---

*Assigned by the Chairman of the Judicial Council.