221 N.J. Super. 329 (1987)
534 A.2d 443
FRANK FEDE, PLAINTIFF,
v.
CLARA MAASS HOSPITAL, JOHN DOE (NAME BEING FICTITIOUS) AND ABC CORPORATION (NAME BEING FICTITIOUS), DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided September 25, 1987.
*331 Robert R. Cary for plaintiff (Bross, Strickland, Cary & Grossman, attorneys).
Jeffrey W. Moryan for defendant Clara Maass Medical Center (Connell, Foley & Geiser, attorneys).
VILLANUEVA, J.S.C.
Plaintiff filed suit against defendant hospital, a fictitious individual and a fictitious corporate defendant for injuries sustained when he allegedly fell at the hospital.
Plaintiff moves, 25 months after the accident, to file an amended complaint substituting "as additional defendants," in the place of the individual fictitious defendant, Thomas Lovette, Thomas Rush and Jerry Depiano.
The issues are: (1) when plaintiff's complaint names a certain defendant as well as fictitious defendants and plaintiff then learns from the named defendant the identities of the other alleged tortfeasors four months before the running of the statute of limitations, is plaintiff barred from substituting the other tortfeasors for the fictitious defendants; and (2) whether plaintiff may substitute three named defendants for one fictitious defendant.
The court holds that once plaintiff has properly designated fictitious defendants, in accordance with R. 4:26-4, the subsequent expiration of the statute of limitations has no relevancy. All that is required is that plaintiff's attorney proceed diligently *332 and defendants not be prejudiced. In addition, there is no sound reason or rule that prohibits the substitution of multiple defendants for one fictitious defendant.
The hospital contends that plaintiff's complaint fails in all respects to adequately describe and identify any fictitiously named defendants, as required by R. 4:26-4, and that plaintiff seeks to name three new defendants as party defendants even though the original complaint named only one individual fictitious defendant. Finally, the hospital contends that plaintiff's proposed amended complaint is barred by the statute of limitations, which allegedly expired three weeks before this motion was filed.
Plaintiff has questioned the standing of defendant hospital to oppose this motion since it is not directly affected thereby. It seems ironic that the hospital's attorney objects to the addition of new defendants who might relieve his client of liability in this matter. Normally, of course, a defendant would not raise such an objection. Here, however, defendant hospital and the proposed substituted defendants are insured by the same carrier. Whether they will be represented by the same attorney is irrelevant. Without additional named defendants, the hospital's liability would be limited to $10,000 by virtue of N.J.S.A. 2A:53A-7 et seq. The addition of individually named defendants could increase the carrier's exposure in this case since the individual defendants, if found liable, would not be subject to the statutory limitation of damages. It seems that defense counsel is protecting the interests of his carrier, and sacrificing the interests of Clara Maass, by his objection to the addition of substituted defendants who may relieve the hospital of liability. Normally, this type of motion is made by substituted defendants after the court permits the amendment. However, the court cannot conclude that defendant hospital has no standing; regardless, it prefers to decide this motion on its merits.
*333 This action arises from a fall-down accident that occurred on July 14, 1985 on a stairway at Clara Maass Medical Center (improperly named as Clara Maass Hospital). In the complaint, filed on April 1, 1986, the hospital was the only named defendant, together with fictitious defendants. The complaint alleges that "the Defendants constructed, owned, controlled, designed and maintained a certain stairway at the premises in a negligent manner, causing a dangerous condition to exist thereon."
On February 11, 1987, plaintiff moved to strike the hospital's answer and suppress its defenses as well as to preclude the hospital from raising the defenses set forth in N.J.S.A. 2A:53A-7 and -8 because of its failure to answer interrogatories.
The certification of plaintiff's attorney, in support of that motion, states:
The interrogatories served upon the Defendant sought to elicit names of any individuals who may have been responsible for the maintenance of the stairway. It is extremely important for the Plaintiff to obtain the names of any such individuals who may have been negligent in order to amend his complaint so that plaintiff's damages will not be limited by the provisions of N.J.S.A. 2A:53A-7 and 8. Since the Defendant's failure to answer interrogatories has prevented the Plaintiff from obtaining the information he needs to name the potentially culpable individual defendants and avoid the statutory limitation upon his damages, it is respectfully requested that the Order striking and suppressing the Defendant's answer and defenses specifically preclude the Defendant from raising the limitation on damages set forth in N.J.S.A. 2A:53A-7 and 8.
After the interrogatories were answered and the names of the individuals on duty the day of plaintiff's alleged fall were disclosed to plaintiff's attorney, that motion was withdrawn on February 27, 1987.
After plaintiff's attorney received the answers to interrogatories, he again inquired of defendant's attorney about the maintenance personnel at the hospital. Defendant's attorney responded by letter dated March 18, 1987, stating:
Pursuant to your request for information regarding the maintenance personnel at Clara Maass Medical Center, this is to inform you that no one individual or individuals are assigned to inspecting and maintaining the stairs on an ongoing *334 basis. The stairs are inspected by all maintenance people when they are either walking or working in an area. All grounds crew inspect all stairs when walking or working around the hospital, and all employees inspect the grounds while walking or working in any area. All employees are instructed to report any disrepair so that appropriate action may be taken.
On two or more occasions before and after March 18, 1987, the attorneys for plaintiff and defendant hospital engaged in conversations regarding the proposed additional defendants. Even after receiving the March 18, 1987 letter, plaintiff's attorney requested the hospital's attorney to renew and intensify his effort to identify a specific individual responsible for the stairway. He suggested that the statute of limitations was approaching and, therefore, he needed the information as soon as possible. The hospital's attorney replied that there was no need to be concerned with the statute of limitations because plaintiff had named a fictitious defendant. The hospital's attorney does not dispute these conversations. His response is that he made no representation that he could get any better information and that his comment about a fictitious defendant was not intended "to sandbag" plaintiff's attorney or to induce his reliance thereon.
As a result of the foregoing conversations, plaintiff's attorney took no immediate action, either to compel more specific answers to interrogatories or to amend the complaint. In July 1987, not having received further information from defense counsel, he reviewed his file with the intention of moving to compel more specific answers to interrogatories. It was then that plaintiff's counsel discovered that the statute of limitations had recently expired and, therefore, the present motion was filed immediately.
The certification of plaintiff's attorney in support of this motion states:
Discovery in this matter has revealed that the proposed additional defendants, Thomas Lovette, Thomas Rush and Jerry Depiano, were responsible for maintenance of the premises on or about the date of the accident, July 14, 1985, and may have been negligently responsible for the plaintiff's injuries.
*335 The plaintiff's cause of action would not be changed, nor would a new party be added by the amendment identifying the three individual defendants as the individuals referred to under the fictitious name "John Doe" in the original complaint. The amendment relates back to the commencement of the action, R. 4:9-3; and the date of the filing of the complaint is the crucial time fixing such commencement. R. 4:2-2.
R. 4:9-3 permits relation back of a pleading only when a plaintiff is unable to ascertain the name of a proper party or makes a mistake concerning his identity. See Carrino v. Novotny, 78 N.J. 355, 367 (1979); Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111 (1973); Aruta v. Keller, 134 N.J. Super. 522 (App.Div. 1975); Hernandez v. St. James Hosp., 214 N.J. Super. 538, 543 (App.Div. 1986).
Our Supreme Court in Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111 (1973) reviewed the purposes of statutes of limitations and the effect of dilatoriness when it stated:
Statutes of limitations are designed to stimulate litigants to pursue their causes of action diligently and "to spare the courts from litigation of stale claims." Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628, 1635 (1945). They penalize dilatoriness and serve as measures of repose. Wood v. Carpenter, 101 U.S. [(11 Otto)] 135, 139, 25 L.Ed. 807, 808 (1879). When a plaintiff knows or has reason to know that he has a cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire, the pertinent considerations of individual justice as well as the broader considerations of repose, coincide to bar his action. Where, however, the plaintiff does not know or have reason to know that he has a cause of action against an identifiable defendant until after the normal period of limitations has expired, the considerations of individual justice and the considerations of repose are in conflict and other factors may fairly be brought into play. [at 115].
Where a defendant is sued in a fictitious name because of plaintiff's inability to ascertain his identity despite diligent efforts, the complaint may be amended after the statute of limitations has run to substitute defendant's true name and effect service on him, particularly where defendant can show neither prejudice resulting from, nor reliance upon, the lapse of time. Ibid.
*336 In Viviano v. CBS, Inc., 101 N.J. 538 (1986), the Court permitted a "John Doe" designation in a sixth amended complaint to relate back to that designation in the original complaint despite its absence in all intervening amended complaints.
The fictitious-name practice permits a plaintiff to add other defendants after the running of the statute provided such defendants are subsumed within the fictitious party designation. Id. at 555. To satisfy the requirements of the rule, plaintiff must designate the fictitious name as such and add "an appropriate description sufficient to identify him." R. 4:26-4. Therefore, the specific identification of the fictitiously-designated defendant does not result in a new party or a new cause of action. Id. at 549.
Fictitious name practice was permitted in New Jersey as early as 1891 when the procedure was codified in statutory form. L. 1891, c. 253, at 477-478.
Thus, under early practice in this State, the intention of the pleader, as evidenced from a reading of the entire pleading, was the test used to determine whether the fictitious-name practice had been properly utilized. Jarusewicz v. Johns-Manville Products Corp., 188 N.J. Super. 638 (Law Div. 1983).
This court concludes that a reading of the subject complaint shows that: plaintiff intended to invoke the use of the fictitious-name practice against multiple unknown parties by using the designation "John Doe" in both individual and corporate capacities in the caption of the complaint. The use of the name "John Doe" in a pleading has been commonly accepted as an appropriate designation of a fictitious party. There is no need for an endless designation of fictitious names where the pleader has no idea of the number of unknown parties who may have contributed to the accident. The use of merely one "John Doe" is sufficient; and the "John Doe" designated in the caption is adequately described in the body of the complaint, by the allegation that "the Defendants constructed, owned, controlled, designed and maintained a certain stairway at the premises in a *337 negligent manner, causing a dangerous condition to exist." No more definitive description was necessary or possible until the exact identity of each tortfeasor was determined during discovery. The pleading is clearly intended to apply to all "Defendants" and judgment is sought against all "Defendants."
This case does not involve the question of whether multiple defendants may be substituted after there has already been a substitution for the only fictitious defendant, as was the case in Miletta v. Doe, 158 N.J. Super. 550 (Law Div. 1978).
As long as there is still a "John Doe" defendant, there is no logical reason or rule requiring multiple "John Does" in order to substitute multiple defendants.
The Supreme Court said in Viviano v. CBS, Inc., supra:
A plaintiff generally exhausts the protection of Rule 4:26-4, however, once he or she substitutes a specific defendant for the fictitious defendant Miletta v. Doe, 158 N.J. Super. 550 at 555-56 (Law Div. 1978). [101 N.J. at 549]
The Supreme Court expressly approved the decision of the Law Division judge in that case, ruling:
... that by eliminating the designation of a fictitious defendant, plaintiff lost the ability to assert claims directly against the third-party defendants.
....
If plaintiff had retained the "John Doe" designation in the complaint throughout its various amendments, she could have added Sybron as a party defendant after the expiration of the statute of limitations.
....
Therefore, with respect to an amendment charging the defendant against whom the claim is asserted, a plaintiff should show that (1) the claim asserted in the amended complaint arose out of the conduct, transaction, or occurrence alleged or sought to be alleged in the original complaint; (2) the new defendant had sufficient notice of the institution of the action not to be prejudiced in maintaining his or her defense; and (3) the new defendant knew or should have known that, but for the misidentification of the proper party, the action would have been brought against him or her. Smelkinson v. Ethel & Mac Corp., supra, 178 N.J. Super. [465] at 471. These conditions, however, are not an express prerequisite to recourse to Rule 4:26-4. [Id. at 550-53]
*338 Defendant hospital, its attorneys and its insurance carrier (who covers the hospital employees) were all well aware of the nature of the claims against the fictitious defendants. This is clear from the answers to interrogatories belatedly signed by the hospital and defense counsel's letter of March 18, 1987. All had ample opportunity to investigate the allegations against the fictitious defendants. The purpose of R. 4:26-4 is specifically intended to protect the rights of a plaintiff who, at the time the complaint is filed, is unable to specifically describe or identify potential defendants.
In Jarusewicz v. Johns-Manville Products Corp., supra, plaintiff sought to amend the complaint to substitute a new defendant after the expiration of the statute of limitations. The court liberally construed R. 4:9-3 to obtain a just result. A similar approach is appropriate here.
Four and one-half months is not an inordinate delay. In any event, defendant has not indicated any prejudice caused by the delay. Even if there were a substantial delay, the lateness was inadvertent. Defendant's attorney knew all along, both by reading the complaint and from conversations with the plaintiff's attorney, that the complaint was going to be amended to substitute named defendants for the fictitious defendants.
It has been held that three months is not an inordinate delay. Jarusewicz v. Johns-Manville Products Corp., supra, 188 N.J. Super. at 648. The Alabama Supreme Court has held that a delay of five months between learning of a physician's identity and a proper substitution in the pleadings did not prejudice the physician. Denney v. Serio, 446 So.2d 7 (Ala.Sup.Ct. 1984). Even when plaintiff did not act promptly after discovering defendant's true name in amending the pleading to substitute the true name for a fictitious name used originally, and did not file the amendment until after the statute of limitations had run, the court still permitted the amendment. Contract Engineers, Inc. v. California-Doran Heat Treating Co., 258 Cal. *339 App.2d 546, 65 Cal. Rptr. 776 (Ct.App. 1968). See also 85 A.L.R.3d 130, 145.
Herein, after the answers to interrogatories propounded on the hospital were three months late, plaintiff's attorney was forced to make a motion to suppress the hospital's answer before he received the answers. Considering this fact against the four and one-half month delay by plaintiff in making this motion, the latter was not an unreasonable delay.
Had the hospital answered the interrogatories timely and then plaintiff waited four and one half months, as he did, to move to substitute for fictitious defendants, the statute of limitations would not have expired for another three months.
Rule 1:1-2 provides:
[U]nless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice.
Ultimately, this motion is governed by the "interests of justice." The Supreme Court in Viviano v. CBS, Inc., supra, evinced a willingness to relax the rule (R. 4:26-4) if the reason for the delay in specifying the name of the fictitious defendant emanated from the frustration of discovery by the plaintiff's adversary and not plaintiff's lack of diligence. Id. 101 N.J. at 556. Such is the case herein.
We must not forget that the aim of our rules of procedure "is to better serve the cause of justice." Markmann v. DeStefano, 185 N.J. Super. 411, 420 (App.Div. 1982), and that "justice is the polestar and our procedures must ever be moulded and applied with that in mind." Johnson v. Mountainside Hosp., Resp. Disease Asso., 199 N.J. Super. 114, 120 (App.Div. 1985), quoting N.J. Highway Authority v. Renner, 18 N.J. 485, 495 (1955). Wilkins v. Hudson County Jail, 217 N.J. Super. 39 (App.Div. 1987).
Balancing the considerations of individual justice and repose as was done in Fernandi v. Strully, 35 N.J. 434, 450 (1961), and Farrell v. Votator Div. of Chemetron Corp., supra, 62 N.J. at *340 122, the waiting by plaintiff's attorney for four and one-half months to move to amend the complaint does not constitute a lack of diligence. In addition, there could be no prejudice to defendants in maintaining their defense.
Motion to amend complaint granted.