Filed 8/24/20  Doe v. Golden Rain Foundation of Laguna Woods CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JANE DOE et al., | |
| Plaintiffs and Appellants, | G058664 |
| v. | (Super. Ct. No. 30-2019-01043724) |
| GOLDEN RAIN FOUNDATION OF LAGUNA WOODS et al, | O P I N I O N |
| Defendants and Appellants. | |

Appeal from judgments of the Superior Court of Orange County, Ronald L. Bauer, Judge.  Affirmed.

Jane Doe and Alan Dale Dickinson, in pro. per., for Plaintiffs and Appellants.

Pyka Lenhardt Schnaider Dawkins and Fred S. Peters for Defendants and Respondents.

\*          \*          \*

Plaintiffs Jane Doe and Alan Dale Dickinson appeal from a judgment of dismissal following the sustaining of a demurrer without leave to amend, together with a second judgment of dismissal in favor of certain defendants who were dropped from the operative amended complaint. Defendants Golden Rain Foundation of Laguna Woods (GRF), Village Management Services, Inc. (VMS), John Prickitt, Brian Gruner, and Jennifer Murphy demurred to plaintiffs' entire fourth amended complaint on the ground it was a sham pleading in that it omitted facts alleged in prior iterations of the complaint. Alternatively, these defendants demurred to each cause of action in the fourth amended complaint on the ground that each count failed to state facts constituting a cause of action. Concurrently, defendants Beth Perak, Marcy Sheinwold, Lisa Bender, Siobhan Foster, Laura Cooley, Tim Moy, Joan Milliman, and Dan Kenny moved for dismissal on the ground that they had been named as defendants in earlier iterations of plaintiffs' complaint, but had been dropped in plaintiffs' fourth amended complaint.

The court sustained the demurrer without leave to amend and granted the motion to dismiss without prejudice. Plaintiffs filed a premature notice of appeal, purporting to appeal from the nonappealable order entered on the day of the hearing, December 9, 2019. Concerned that we lacked jurisdiction to consider the appeal, and not having found a copy of a judgment of dismissal for the demurring defendants in the record supplied by plaintiffs,[1] we augment the record with a copy of the subsequent judgment entered by the trial court on December 17, 2009. A judgment was entered on December 10, 2019 as to the defendants who prevailed on the motion to dismiss. Accordingly, we will construe the appeal as having been taken from these judgments of dismissal. (See *Los Altos Golf & Country Club v. County of Santa Clara* (2008) 165 Cal.App.4th 198, 202 [appeal taken from order sustaining demurrer liberally construed to

_____

[1] A copy of the subsequent judgment of dismissal of the eight defendants who moved to dismiss was attached to the notice of appeal.

2

have been taken from subsequent judgment of dismissal]; Cal. Rules of Court, rule 8.104(d)(2).)

On appeal, plaintiffs have failed to demonstrate that the sham pleading doctrine does not apply or even to mention the basis of the trial court's ruling. Further, even if plaintiffs had argued against application of the sham pleading doctrine, they have failed to present an adequate record on appeal from which we could have evaluated that argument. Plaintiffs have thereby waived the points they necessarily must have addressed on this appeal as to the demurring defendants. And the dismissal of the defendants who were omitted from the fourth amended complaint was correct as a matter of law, as was the award of costs to defendants. Accordingly, we affirm the judgments.

FACTS

According to the fourth amended complaint, defendants GRF and VMS operate, control and manage Laguna Woods Village, a senior citizens community. Defendants Gruner and Murphy were employees of VMS. Defendants GRF, VMS, Gruner and Murphy employed defendant Prickitt as a tennis instructor at Laguna Woods Village.

Here is the story underlying the entire fourth amended complaint. Jane Doe signed up to take tennis lessons from Prickitt. During the course of the tennis instruction, Prickitt allegedly "sexually assaulted and sexually harassed" Jane Doe by touching her in a "sexual and non-consenting manner across her arm, upper body and torso." Based on this conduct, plaintiff Jane Doe sought to impose liability on GRF, VMS, Gruner and Murphy for negligent hiring and training of Prickitt and for failing to "supervise, observe, train, control and manage Prickitt in his position as tennis instructor." As to Prickitt, Jane Doe alleged his conduct rendered him liable for assault, battery, intentional infliction of emotional distress, and sexual harassment. Dickinson, as the husband of Jane Doe,

3

alleged he suffered "severe emotional distress" by twice observing Prickett make "sexual advances towards Jane Doe by touching Jane Doe in a sexual and non-consenting manner across her arm, upper body and torso."

DISCUSSION

*The demurrer was properly sustained without leave to amend.*

The centerpiece of defendants' demurrer below, and of their argument on appeal, is their contention that the fourth amended complaint was a sham. "It is axiomatic that the function of a demurrer is to test the legal sufficiency of the pleading by raising questions of law. [Citation.] It is also well established that, when reviewing a judgment entered following the sustaining of a demurrer without leave to amend, the appellate court must assume the truth of the factual allegations of the complaint. [Citation.] However, an exception exists where a party files an amended complaint and seeks to avoid the defects of a prior complaint either by omitting the facts that rendered the complaint defective or by pleading facts inconsistent with the allegations of prior pleadings. [Citations.] In these circumstances, the policy against sham pleading permits the court to take judicial notice of the prior pleadings and requires that the pleader explain the inconsistency. If he fails to do so the court may disregard the inconsistent allegations and read into the amended complaint the allegations of the superseded complaint." (*Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 383-384.) "A pleader may not attempt to breathe life into a complaint by omitting relevant facts which made his previous complaint defective. [Citation.] . . . 'A litigant should not be allowed to abuse the privilege of amendment. If the amended pleading is only a sham, and it is apparent that no cause of action can truthfully be stated, the court should disregard that pleading.'" (*Hills Trans. Co. v. Southwest* (1968) 266 Cal.App.2d 702, 713.) Under these circumstances, "[t]he conclusion is inescapable that [the] amendment was made

4

solely for the purposes of avoiding a demurrer," (*Owens*, at p. 384) and the demurrer is properly sustained.

Here, plaintiffs' opening brief on appeal makes no reference to the sham pleading doctrine invoked by defendants' demurrer. Likewise, plaintiffs' reply brief does not discuss the sham pleading doctrine or attempt to explain why it does not apply to this case. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, *on the basis of the record presented to the appellate court*, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609, italics added.) "'Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."' [Citation.] 'We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.'" (*Cahill v. San Diego Gas & Electric Co*. (2011) 194 Cal.App.4th 939, 956].) The absence of reasoned legal argument, together with the presumption that the judgment is correct requires us to affirm the sustaining of the demurrer.

Further, plaintiffs have not supplied an adequate record for our review. "[P]laintiff has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) Here, an "adequate record" would require that the first four iterations of plaintiffs' complaint be made available for our review. How else are we to determine whether, as defendants contend, and the court found, inconsistencies with prior allegations render the

5

fourth amended complaint a sham? Plaintiffs did not include either the initial complaint or any of the first three amended complaints in the appellate record.[2]

This was plaintiffs fifth attempt to state a cause of action, against a total of 13 defendants, for Prickitt's alleged act of touching Jane Doe on her "arm, upper body and torso" in the course of giving a tennis lesson. Plaintiffs have not suggested how, or in what manner, their complaint could be amended to avoid the sham pleading doctrine, or to allege facts which would be sufficient to state a cause of action without violating the sham pleading doctrine. We thus have no basis upon which to second guess the trial court's exercise of discretion in denying further leave to amend.

*The motion to dismiss was properly granted.*

Thirteen defendants were named in the first four iterations of the complaint. The fourth amended complaint named only five defendants, thereby dropping eight defendants from the complaint. Defendants' motion to enter a judgment of dismissal as to these eight former defendants was made on the ground that the act of dropping these defendants from the fourth amended complaint operated as a dismissal of those defendants. The court properly granted the motion. "It has long been the rule that an amended complaint that omits defendants named in the original complaint operates as a dismissal as to them." (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1142; *Schlake v. MacConnell* (1924) 69 Cal.App. 207, 209 ["The filing of an amended complaint, omitting a defendant named in the original complaint, operates as a dismissal of the action as to such defendant"].)

---

[2] In the respondent's brief, defendants refer to allegations made in the earlier iterations of the complaint, and, in support thereof, purport to cite pages in a respondent's appendix. But a respondent's appendix was never filed with this court. It is not a part of the record on appeal, so we necessarily disregard those citations and the purported allegations.

*Costs were properly awarded.*

Plaintiffs contend the court erred by allowing an award of costs to the defendants. Plaintiffs are mistaken. "[A] prevailing party is entitled *as a matter of right* to recover costs in any action or proceeding." (Code Civ. Proc. § 1032, subd. (b), italics added.) A "prevailing party" is defined to include "a defendant in whose favor a dismissal is entered." (*Id.*, subd. (a)(4).) Thus, all 13 defendants qualified as prevailing parties thereby entitling them to an award of costs "as a matter of right."

Defendants' memorandum of costs included *only* those costs which are expressly allowed by statute: The first appearance fees for 13 defendants at $435 each, totaled $5,655 (Code Civ. Proc., §1033.5, subd. (a)(1)); jury fees deposited on December 2, 2019, totaled $150 (*id.*, subd (a)(1)); deposition costs for the taking of Jane Doe's deposition, totaled $1,354 (*id.*, subd. (a)(3)(A)); court reporter fees (as established by statute), totaled $508 (*id.* subd. (a)(11)); electronic filing and service fees, totaled $196 (*id.*, subd. (a)(14)).

The allowable costs thus totaled $7,863. The award was merely the normal consequence of filing an unsuccessful lawsuit against 13 defendants. The court would have abused its discretion had it failed to award these costs. There was no error.

DISPOSITION

The judgments are affirmed.  Defendants shall recover costs incurred on appeal.  Defendants' motion to dismiss the appeal and for sanctions is denied.

IKOLA, J.

WE CONCUR:

FYBEL, ACTING P. J.

GOETHALS, J.