Filed 5/27/15  Kordbacheh v. Ehteshami CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ALI KORDBACHEH et al., | B254239 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. LC097673) |
| v. | |
| KOUROSH EHTESHAMI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Huey P. Cotton, Judge.  Affirmed.

Kourosh Ehteshami, in pro. per., for Defendant and Appellant.

Law Offices of Richard T. Miller and Richard T. Miller for Plaintiffs and Respondents.

_____

The purchasers of a pizza restaurant, Ali Kordbacheh and Azadeh Ghasabi (jointly, Kordbacheh), sued the seller, Kourosh Ehteshami (sued as Eddie Ehteshami), for breach of contract and fraud. After a bench trial, the court awarded Kordbacheh damages of $62,000 on the fraud claim. In this appeal from the judgment, Ehteshami challenges several pretrial rulings. Finding no error, we affirm.

## FACTUAL BACKGROUND

We summarize below the trial court's findings of fact as set out in its written statement of decision. The record does not include a reporter's transcript of the trial proceedings.

In May 2011, Kordbacheh entered into a "partially written and partially oral" agreement to purchase a pizza restaurant from Ehteshami. Before entering into the agreement, Ehteshami knew that he had no authority to transfer franchise rights or privileges to Kordbacheh. Nevertheless, Ehteshami agreed to provide Kordbacheh with "a fully equipped, permitted and licensed Pizza Plus franchise restaurant on Reseda Boulevard, franchise privileges and rights, and training for the operation of said pizza restaurant," in return for a total purchase price of $85,000. Ehteshami also agreed to transfer a lease to the premises to Kordbacheh.

Problems arose in the lease transfer when the landlord required a new lease agreement and a rent increase. Kordbacheh also discovered that Ehteshami was unable to transfer the promised Pizza Plus franchise for the restaurant. In July 2011, the parties agreed that Kordbacheh would keep the restaurant for payments made to that point of $62,000, and Ehteshami would be released from liability for the lease issues.

2

## PROCEDURAL BACKGROUND

In June 2012, Kordbacheh filed a complaint for breach of contract and fraud.[1]  In the first amended complaint, the operative pleading, he alleged claims for breach of contract and fraud based on Ehteshami's failure "to provide franchise rights and privileges and/or training as represented and promised."  He alleged that Ehteshami knew before entering the agreement that he could not transfer any franchise rights or privileges. As a result of his reliance upon Ehteshami's fraudulent representations, Kordbacheh claimed to have incurred damages of $160,000.

After the court overruled a demurrer to the amended complaint, Ehteshami filed an answer and cross-complaint.[2]  The cross-complaint sought $51,000 in damages based on Kordbacheh's alleged breach of contract and fraud.

Two months before the original trial date, Ehteshami moved for a continuance of unspecified duration, claiming he had medical issues and wanted to file a motion to dismiss.  Although the court denied the motion for continuance, trial was delayed for other reasons, during which Ehteshami filed a motion to dismiss.  The motion to dismiss is not included in the record on appeal, but according to the tentative ruling it was based on Code of Civil Procedure section 438.[3]  Under subdivision (c)(1)(B)(ii) of that section, a moving party defendant must show that "the complaint does not state facts sufficient to constitute a cause of action against that defendant."  Under subdivision (g)(1), if a

---

[1] Voluntary dismissals were entered in favor of defendants Afazel Nahid dba Pronto Bella Pizza, and Etiteshami Dariush dba Pizza Plus, who are not parties to this appeal.
The record does not contain the original complaint.  In addition to Ehteshami, the other defendant named in the first amended complaint is Ali Khodabakahshi, whose default was entered after he failed to answer.

[2] The grounds for the demurrer included failure to state facts sufficient to constitute a cause of action; claims that the complaint was uncertain, ambiguous, and unintelligible; and that it did not specify whether the parties had entered into a written, oral, or implied agreement.

[3] All further statutory references are to the Code of Civil Procedure.

3

demurrer on the same grounds previously was overruled, the moving party defendant also must show "that there has been a material change in applicable case law or statute since the ruling on the demurrer."

The trial court denied the motion to dismiss, which it treated as a motion for judgment on the pleadings. The court stated, in relevant part, "In this case, the court has already determined on demurrer that the complaint is well-pled. Moving party offers portions of plaintiffs' responses to interrogatories to support his motion. However, moving party simply points to perceived deficiencies in the interrogatories rather than affirmative admissions. The remedy for interrogatories that are devoid of facts is a motion to compel further responses or a dispositive motion based on facts or evidence such as a motion for summary judgment. [¶] Further, although moving party bases his motion on Section 438, the arguments are that plaintiff failed to produce any proof to support every element of the claim. This is an argument pertaining to factual issues."

Following a two-day bench trial, Kordbacheh prevailed on the claim for "fraud in the inducement (fraud by promise made with no intent to perform)," and was awarded $62,000 in damages. The award was based on the amount paid prior to Kordbacheh's discovery that the sale would not include the promised franchise rights. Judgment was entered for Kordbacheh on the complaint as to the fraud cause of action, and on the cross-complaint. This timely appeal followed.

## DISCUSSION

Ehteshami seeks reversal of the judgment based on several pretrial rulings that he contends were erroneous. We conclude he has not established the existence of reversible error.

### A. *Demurrer*

As previously discussed, Ehteshami demurred to the amended complaint on several grounds including the failure to state facts sufficient to constitute a cause of action; that the complaint was uncertain, ambiguous, and unintelligible; and that it did not specify whether the parties had entered into a written, oral, or implied agreement. On appeal, Ehteshami argues the trial court erred in overruling the demurrer, given the

4

complaint's lack of specificity as to the wrongful acts committed by each defendant. He contends that the "complaint fails to plead facts that 'show how, when, where, to whom, and by what means the representations were tendered.'"

The difficulty with this contention is the lack of any indication that the defense was based on this alleged insufficiency. While an order overruling a demurrer may be reviewed only upon an appeal from the judgment, if "the judgment does not depend upon the defense to which the demurrer interposed, the sufficiency of such defense becomes a mere moot question, which it would not be proper for us to determine[.]" (*Brittan v. Oakland Bank of Savings* (1896) 112 Cal. 1, 4.) Because there is no indication that the purported error in overruling the demurrer contributed to the judgment, Ehteshami has failed to overcome the presumption in favor of the correctness of that judgment. (*Id.* at pp. 3–4.)

### B. Motion for Continuance

Ehteshami contends the trial court erred in denying his motion for continuance.

"The decision to grant or deny a continuance is committed to the sound discretion of the trial court. [Citation.] The trial court's exercise of that discretion will be upheld if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court. [Citation.] A reviewing court may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record. [Citation.] The burden rests on the complaining party to demonstrate from the record that such an abuse has occurred. [Citation.]" (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984–985.)

In seeking a continuance of the original trial date, Ehteshami argued that he had health problems and wanted to prepare a motion to dismiss. Although the request for a continuance was denied, the trial was nevertheless delayed for other reasons. Notwithstanding the denial of his motion for a continuance, Ehteshami was able to file a motion to dismiss, and he appeared at trial. The record does not indicate that the trial court abused its discretion in denying the motion for continuance, or that Ehteshami was prejudiced by the denial of that motion.

5

*C.    Motion for Dismissal*

Ehteshami contends the trial court erred in failing to dismiss the fraud cause of action given the complaint's failure to state facts sufficient to constitute a claim. Because the motion to dismiss was based on section 438, which governs motions for judgment on the pleadings, the trial court correctly treated it as such. In reviewing the trial court's ruling, we apply the de novo standard of review. (*International Assn. of Firefighters, Local 230 v. City of San Jose* (2011) 195 Cal.App.4th 1179, 1196.)

Under subdivision (c)(1)(B)(ii) of section 438, Ehteshami was required to show that the complaint did not state facts sufficient to constitute a cause of action against him, and because a demurrer on that basis was previously overruled, he was required under subdivision (g)(1) to show "that there has been a material change in applicable case law or statute since the ruling on the demurrer." Although the trial court denied the motion on the merits, the court could have reached the same result based solely on Ehteshami's failure to comply with the statutory requirements. In any event, the motion was properly denied on the merits: the complaint did allege facts sufficient to state a cause of action for fraud, and the sufficiency of the evidence to support the trial court's factual findings is not disputed on appeal.

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                EPSTEIN, P. J.

We concur:




WILLHITE, J.                              COLLINS, J.

6