**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3323-18T1

DARRIN YOHE,

    Plaintiff-Appellant,

v.

ROBERT CURLEY,

    Defendant.

_____

Argued telephonically June 2, 2020 –
Decided July 2, 2020

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey,
Law Division, Camden County, Docket No.
L-0184-16.

Logan M. Terry argued the cause for appellant (Logan
M. Terry, attorney; Daniel B. Zonies and Logan M.
Terry, on the briefs).

Francis X. Ryan argued the cause for respondent
Lauren Curley (Green Lundgren & Ryan, PC,
attorneys; Francis X. Ryan, on the brief).

PER CURIAM

The only issue on this appeal is whether the trial court appropriately applied its discretion in denying plaintiff Darrin Yohe's motion to amend his complaint, after the running of the statute of limitations, to substitute defendant Robert Curley's daughter for the driver of the car which rear-ended plaintiff, identified as Jane Doe in his complaint, under Rule 4:26-4, the fictitious party rule. Based on defendant's delay in identifying his daughter as the driver of the car, as he was obligated to do in his answers to Form C interrogatories, and the lack of any prejudice to defendant, his daughter, or their insurance carrier, we conclude the judge misapplied his discretion in denying plaintiff's motion to amend his complaint, resulting in the dismissal of his cause of action on summary judgment. Accordingly, we reverse.

The facts are straightforward and easily summarized. Plaintiff was stopped at a red light when he was rear-ended by a car driven by defendant's daughter, Lauren Curley. Neither driver notified the police. They merely exchanged insurance information, which did not include the driver's name, and continued on their respective ways. Plaintiff used the insurance information the driver provided him to report the accident to Allstate, defendant's insurance carrier, the following day. Allstate took plaintiff's recorded statement the

same day. Allstate acknowledged the claim in a letter to plaintiff's counsel about a month later.

Plaintiff filed suit fifteen months after the accident, well within the statute of limitations, naming defendant Robert Curley as the owner of the car that hit him and identifying the driver, alleged to be defendant's agent, as Jane Doe. Plaintiff could not effect service on defendant, and obtained an order permitting substituted service on Allstate. No answer was filed on behalf of defendant and plaintiff obtained entry of default. After the running of the statute of limitations, Allstate obtained plaintiff's consent to vacate the default and filed an answer to the complaint on behalf of defendant. In the answer, defendant admitted ownership of the car, but denied the driver, whom he did not identify, was acting as his agent. Defendant did not serve answers to Form C interrogatories as required by Rule 4:17-1(b)(2).

Plaintiff subsequently obtained leave to amend his complaint to add property damage counts for the injury and death of his Chihuahua, which was riding with him at the time of the accident. It was only after plaintiff served his amended complaint that defendant served his answers to Form C interrogatories, at least sixteen months after having been served with the complaint, and ten months after having filed his answer. Inexplicably,

however, the interrogatories were not answered by defendant, but by Allstate's claims representative.  The claims representative did not identify Lauren Curley as a person with relevant knowledge of the accident.

It was not until three months later, after defendant had opposed the reinstatement of plaintiff's complaint, which had been dismissed without prejudice for failure to make discovery, that defendant served "corrected interrogatories," again answered by the claims representative and not defendant, that identified Lauren Curley as the driver of the car that rear-ended plaintiff.  Defendant, however, failed to provide her address as required.  Defendant thereafter obtained an order again extending discovery for four months in order to take plaintiff's deposition and schedule an independent medical exam.

Following the end of that extended discovery period, defendant moved for summary judgment dismissing plaintiff's complaint based on his un-involvement in the accident.  See Fu v. Fu, 160 N.J. 108, 118 (1999) (noting "New Jersey adheres to the common-law rule that the owner of a motor vehicle is not liable for the negligence of a permissive user unless the driver is acting as the owner's agent or employee").  The filing of that motion prompted plaintiff's counsel to move to amend plaintiff's complaint to substitute Lauren

4

Curley for the Jane Doe driver, which he certified he had intended to do earlier. Counsel noted, however, that his delay could not have prejudiced defendant, who was "at all times" aware that Lauren Curley was the driver involved in the accident "and defended the case on that basis." Defendant opposed the motion, arguing plaintiff had not been diligent in learning the identity of the driver.

Both motions were heard on the same day. The court denied plaintiff's motion to amend the complaint finding it not "even a close call." The judge noted the "accident happened on [October] 1st of 2014. This motion was filed December 24th of 2018, so it's more than four years, and it's not as though this is a hit and run driver. There was a young woman that's the daughter of the driver whose identity was known." The judge noted "there has to be some showing of . . . diligence of attempting to find this driver under 4:26-4." Finding there was "not the diligence required to allow this amendment of the family member after four-and-a-half years," the court denied the motion, and granted defendant's motion for summary judgment.

On the motion for reconsideration, plaintiff's counsel detailed defendant's failure to timely answer the complaint or identify Lauren Curley as a person with knowledge, and that when "corrected" answers were finally

provided identifying her, defendant still failed to provide her address as required. Defendant's counsel acknowledged the failures of his own office to timely provide discovery and, specifically, the failure to identify the driver of the car, but argued plaintiff failed to exercise reasonable diligence to ascertain her identity and that defendant would be prejudiced by the effect the accident would have on his insurance rates. The court denied the motion, stating "it would have been nice maybe if Allstate would have reached out and said something to [plaintiff], but it's not Allstate's obligation to do the necessary investigation that's needed."

Although a trial court's determination of whether to permit amendment of a pleading is usually reviewed for abuse of discretion, Franklin Med. Assocs. v. Newark Pub. Schs., 362 N.J. Super. 494, 506 (App. Div. 2003), "whether a statute of limitations applies in a given case is ordinarily a legal matter" subject to our de novo review, Baez v. Paulo, 453 N.J. Super. 422, 436 (App. Div. 2018).

Fictitious party practice in New Jersey is governed by Rule 4:26-4. The Supreme Court has construed the rule "to permit a plaintiff who institutes a timely action against a fictitious defendant to amend the complaint after the expiration of the statute of limitations to identify the true defendant," which

amended pleading will "relate[] back to the time of filing of the original complaint, thereby permitting the plaintiff to maintain an action that, but for the fictitious-party practice, would be time-barred." Viviano v. CBS, Inc., 101 N.J. 538, 548 (1986). The benefit of the rule, however, is reserved for plaintiffs who have exercised "due diligence in ascertaining the fictitiously identified defendant's true name and amending the complaint to correctly identify that defendant." Claypotch v. Heller, Inc., 360 N.J. Super. 472, 480 (App. Div. 2003). As we recently explained in Baez, "[i]n essence, a plaintiff relying on a fictitious pleading must demonstrate two phases of due diligence in order to gain the tolling benefits of the rule," that is, before filing his original complaint with a Jane Doe defendant and after, when amending his complaint to substitute Doe's real name. 453 N.J. Super. at 439.

The trial court erred in not focusing on each phase. Because no police report was filed and the insurance card the driver offered to plaintiff listed only Robert Curley's name, we would be hard pressed to find plaintiff needed to do more than what he did, which was to promptly report the accident to the driver's insurance carrier and provide it his version of the accident. We note defendant has not suggested any specific avenue of inquiry that would have been successful in identifying the driver under the circumstances.

A-3323-18T1

Further, although the record is far from developed, we note that both sides apparently had difficulty finding even Mr. Curley. Plaintiff's counsel could not effect service, and had to obtain an order for substituted service on the Commissioner of Banking and Insurance. See N.J.S.A. 17:32-2(c). Defendant's counsel represented to the trial court on the motion for reconsideration that he "did have contact with Mr. Curley at the outset when [counsel] got the case. At some point, there was no contact after that."

That, of course, leads to what occurred after the filing of the complaint when plaintiff's counsel attempted to learn the identity of the driver. As we noted, defendant did not serve answers to Form C interrogatories for at least sixteen months after having been served with the complaint, ten months after having filed his answer, after plaintiff agreed to permit the vacation of the default. Moreover, the interrogatories were not answered or signed by Mr. Curley, but by an Allstate claims representative, who failed to identify Lauren Curley as the driver. Defendant did not identify the driver for another three months, when he sent "corrected" answers, also signed by the claims representative, after plaintiff's counsel complained to him about defendant's failure to disclose her identity.

A-3323-18T1

This was not a situation in which "it would have been nice maybe if Allstate would have reached out and said something" to plaintiff. In representing Mr. Curley — to the extent of having its claims representative swear answers to the interrogatories directed to him — it had a clear obligation to disclose promptly the name and address of its insured driver, Lauren Curley. Its failure to do so until well after the statute had run, and its opposition to plaintiff's motion to amend his complaint to identify her, notwithstanding that Allstate had long known her identity and defended the case accordingly, suggests "that defense counsel [was] protecting the interests of his carrier" more so than that of his titular client. Fede v. Clara Maass Hosp., 221 N.J. Super. 329, 332 (Law Div. 1987).

Any review of this record makes immediately obvious that neither side diligently pursued its discovery obligations. But we see no advancement of the principles underlying our fictitious party practice in depriving plaintiff of his cause of action based on his derelictions while rewarding Allstate for its own.

Limning the parameters of New Jersey's fictitious party practice in Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 122-23 (1973), the Court wrote that "[j]ustice impels strongly towards affording the plaintiffs

their day in court on the merits of their claim; and the absence of prejudice, reliance or unjustifiable delay, strengthens the conclusion that this may fairly be done in the matter at hand 'without any undue impairment of the two-year limitation or the considerations of repose which underlie it'" (quoting Fernandi v. Strully, 35 N.J. 434, 451 (1961)).  So too here.  While plaintiff's counsel "could have done more," our review of the record convinces us he "did enough" in these circumstances under well-settled law.  Viviano, 101 N.J. at 56.  We accordingly reverse and remand for further proceedings not inconsistent with this opinion.  We do not retain jurisdiction.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3323-18T1